IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00714-MSK-NYW

DON J. DAVIS and
THE DJD-038 TRUST, A MEGA TRUST,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., AS TRUSTEE
FOR THE HOLDERS OF THE BCAP LLC TRUST 2006-AA1,
THE PUBLIC TRUSTEE'S OFFICE OF LA PLATA COUNTY, COLORADO,
and ANY AND ALL OTHER PARTIES WHO MAY HAVE AN INTEREST IN THE
SUBJECT PROPERTY,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Wells Fargo Bank, N.A., as Trustee for the Holders of the BCAP LLC Trust 2006-AA1's ("Wells Fargo") Motion to Dismiss. [#8, filed March 27, 2017]. The Motion was referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated March 29, 2017 [#11] and the memorandum dated April 6, 2017 [#14]. After carefully reviewing the Motion and related briefing, the entire case file, and the applicable case law, this court respectfully RECOMMENDS that the Motion to Dismiss be GRANTED.

## BACKGROUND

    Plaintiffs Don Davis ("Mr. Davis") and the DJD-038 Trust (the "Trust") (collectively, "Plaintiffs") initiated this action on February 6, 2017 by filing a Complaint in the District Court

of La Plata County, Colorado. *See* [#3]. The Complaint seeks a Determination of Interests Pursuant to C.R.C.P. 105 and declaratory relief, arising out of the pending foreclosure of property located at 580 Lake Purgatory Drive, Durango, Colorado (the "Property"). [*Id.*] The Trust is the owner of the Property, and Mr. Davis is the borrower listed on the Deed of Trust encumbering the Property. Wells Fargo is the purported holder of the note, which is secured by the Property through the Deed of Trust. The Deed of Trust is signed by Mr. Davis and was recorded with the La Plata County Clerk and Recorder on May 11, 2006. The last payment made to the loan was dated January 1, 2008, and thus the loan was in default as of February 2, 2008. [*Id.* at ¶¶ 10, 11]. Wells Fargo consequently elected to accelerate the note, and filed a Notice of Election and Demand for Sale on June 12, 2008. Wells Fargo ultimately withdrew the foreclosure and filed a second and third foreclosure in December 2009 and April 2013, both of which Defendant later withdrew. [*Id.* at ¶¶ 12-14]. On April 23, 2014, Wells Fargo filed a fourth foreclosure associated with a Notice of Election and Demand for Sale, which is the subject of this lawsuit. [*Id.* at ¶ 15]. Plaintiffs assert that Wells Fargo failed to enforce the promissory note within the applicable six-year statute of limitations, and thus "the deed of trust is automatically extinguished and the default provisions therein," are now voided. [*Id.* at ¶ 17]. Specifically, Plaintiffs argue that the statute of limitations was triggered on February 2, 2008, when they defaulted on the loan, the statute of limitations expired on February 3, 2014, and Defendant's foreclosure attempt on April 23, 2014 is time-barred.

Wells Fargo removed this action on March 20, 2017, and filed the pending Motion to Dismiss on March 27, 2017. *See* [#1, #8]. Plaintiffs filed a Response on April 17, 2017 [#18], and Defendant filed a Reply on May 1, 2017 [#29]. On June 9, 2017, this court held a

Scheduling Conference and entered a Scheduling Order setting certain pre-trial dates and deadlines, which the court subsequently extended for good cause. [#36, #37, #45]. The court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a).

## LEGAL STANDARD

Wells Fargo moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an

entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Wells Fargo moves for dismissal on the basis that the statute of limitations on actions to enforce promissory notes and deeds of trust accrues on the date of acceleration, rather than on the date that Plaintiffs failed to pay their loan installment. *See* [#8]. Defendant contends, "the relevant inquiry for determining when [an] action [to recover an installment debt] accrued is whether [the lender] exercised its option to accelerate [the] debt," and "[i]f [the lender] did accelerate the debt, then the ultimate issue becomes on what date did this occur and trigger the statute of limitations governing the . . . action." [*Id.*] In Response, Plaintiffs repeat the argument presented in the Complaint, i.e., the six-year statute of limitations was triggered by their default, and thus the statute of limitations began running on February 2, 2008. [#18 at 6].

As an initial matter, the court notes that in cases arising under diversity jurisdiction, as here, the court must "ascertain and apply the state law." *Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 665 (10th Cir. 2007) (citations omitted). The federal court must follow the most recent decisions of the state's highest court. *Id.* at 665-66. "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do," and, in doing so, "may seek guidance from decisions rendered by lower courts in the relevant state." *Id.* at 666. The Parties agree that Colo. Rev. Stat. § 13-80-103.5 provides that the governing statute of limitations is six-years; they disagree only as to the date of accrual. After review of the

applicable case law and the undisputed facts of this case, this court respectfully recommends that the Motion to Dismiss be granted for the reasons set forth below.[1]

Section 13-80-103.5 instructs that "[a]ll actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt," shall be commenced within six years after the cause of action accrues and not thereafter. *Id.* at § 13-80-103.5(1)(a). Section 13-80-108(4) instructs that "[a] cause of action for debt, obligation, money owed, or performance shall be considered to accrue on the date such debt, obligation, money owed, or performance becomes due."

In support of their position that the claim accrued on the date they first missed a loan payment, Plaintiffs cite *Application of Church*, 833 P.2d 813 (Colo. App. 1992). *Application of Church* sets forth the general rule that "if a money obligation is payable in installments, a separate cause of action arises on each installment and the statute of limitations begins to run against each installment when it becomes due," and holds that the rule applies even if the note holder declines to exercise its option to accelerate the note. *Id.* at 814-15. In so holding, *Application of Church* distinguished a Colorado Supreme Court case from the beginning of the twentieth century, which holds that the statute of limitations runs from the date of default upon which the election to accelerate is based, not from the date of the election itself. *Id.* at 815 (citing *Lovell v. Goss,* 45 Colo. 304, 101 P. 72 (1909)).

---

[1] This court observes that Defendant's argument is appropriate for review pursuant to Rule 12(b)(6), rather than Rule 56, because while the date of accrual of a claim is generally a question of fact, if the undisputed facts clearly establish the date, the issue may be decided as a matter of law. *Denver Classroom Teachers Association v. School District No. 1 in the County of Denver and State of Colorado*, --- P.3d ----, 2017 WL 117179, at *4 (Colo. App. Jan. 12, 2017).

More recently, a division of the Colorado Court of Appeals held that in an action for replevin of a mobile home commenced by a creditor's assignee exactly six years after it had sent a notice of default and acceleration to the borrowers, the claim for replevin "did not accrue until the date the entire indebtedness became due and [the assignee] first had a right to obtain possession of its collateral." *Green Tree Financial Servicing Corp. v. Short*, 10 P.3d 721, 722-23 (Colo. App. 2000). The court agreed with the assignee that such a date was twenty days after the assignee had sent the notice of default and acceleration. *Id.* at 723 (distinguishing *Lovell v. Goss* on the basis that *Lovell* "was decided long before the enactment in 1975 of §§ 5-5-111 and 5-5-112, which create the notice requirement applicable here and preclude a creditor under a consumer credit transaction from pursuing a replevin remedy prior to the expiration of the 20-day notice period").

Twelve years later, the Colorado Supreme Court addressed the date of accrual with respect to an action for a deficiency judgment resulting from the purchase of a vehicle, which had served as collateral under a security agreement that provided for monthly installment payments. *See Hassler v. Account Brokers of Larimer County, Inc.*, 274 P.3d 547 (Colo. 2012). Following the borrower's default on the loan, the lender repossessed the vehicle, sold it at auction, and applied the proceeds to the balance of the loan. The proceeds were insufficient to cover the balance and the lender's successor in interest subsequently sued the borrower to recover the deficiency. The lawsuit was initiated more than six years after the borrower had defaulted on the loan and the lender had repossessed the vehicle, but less than six years after the vehicle had been sold at auction. The *en banc* court held that "under Colorado law and the express terms of the parties' security agreement, the present debt became due when it was

accelerated following…repossession of the vehicle and demand for full payment on the debt."

*Id.* at 549. The Colorado Supreme Court explained:

> for a security agreement that is to be repaid in installments, the debt for each installment becomes due on the date that each installment is missed. Once an installment security agreement is validly accelerated, however, the entirety of the remaining balance becomes due and therefore the cause of action to collect the entire debt accrues.

*Id.* The *Hassler* court declined to expressly address whether *Lovell v. Goss* was good law, noting that "the statute of limitations for the present action would have expired under either the *Lovell* rule or the rule applied by a majority of jurisdictions in the wake of their adoption of the UCC." *Id.* at 557 n.11. The court nonetheless observed that "[u]nder the majority rule, the cause of action for such accelerated debt accrues on the date that the creditor elects to accelerate." *Id.* (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 209 n.5, (1997) (interpreting federal law to hold that "[t]he statute of limitations on an accelerated debt runs from the date the creditor exercises its acceleration option, not earlier"); *United States v. Agri Servs., Inc.,* 81 F.3d 1002, 1005 (10th Cir. 1996) (interpreting New Mexico law to hold that "accrual occurs upon acceleration")).

Most recently, a division of the Colorado Court of Appeals addressed a question most similar to the one presented here, i.e., when does debt on a promissory note come "due." *See Castle Rock Bank v. Team Transit, LLC*, 292 P.3d 1077, 1082 (Colo. App. 2012). The *Castle Rock Bank* court observed that, "in addition to analyzing the language in the notes themselves, we must discuss the manner in which the statute of limitations applies to obligations that are to be repaid in installments," and repeated "the general rule" that a "separate cause of action arises on each installment, and the statute of limitations runs separately against each." *Id.* (quoting

7

*Hassler v. Account Brokers of Larimer County*, 274 P.3d 547, 5553 (Colo. 2012) (further citations omitted)). The court explained:

> if an obligation that is to be repaid in installments is accelerated, either automatically by the terms in the parties' agreement or by the election of the creditor pursuant to an optional acceleration clause, the entire remaining balance of the loan becomes due immediately, and the statute of limitations is triggered for all installments that had not previously become due.

*Id.*

The note at issue here states that the borrower will make monthly payments until he has paid all of the principal interest and any other charges described therein; each monthly payment will be applied as of its scheduled due date; and, "[i]f on June 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the 'Maturity Date.'" [#1-12 at 7].[2] By the terms of the note, it would become due on June 1, 2036, unless Wells Fargo elected to accelerate it. *Cf. In re Hutchins*, No. 16-10262 HRT, 2016 WL 3573966 (Bankr. D. Colo. Jun. 23, 2016) ("By its terms, Chase's note comes due on October 4, 2032. Because Chase's note has not yet become due, the Court doubts the validity of any statute of limitation defense based upon § 13–80–103.5"). Thus, the relevant inquiry for determining when the present action accrued is whether Wells Fargo exercised its option to accelerate Plaintiffs' debt; and, if so, "on what date did this occur and trigger the statute of limitations." *Hassler*, 274 P.3d at 552-53.

According to the Complaint, Wells Fargo first accelerated the note on June 12, 2008, and did so by filing a Notice of Election and Demand for Sale. [#3 at ¶ 12]. Plaintiffs do not argue

---

[2] On a Rule 12(b)(6) inquiry, the court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits. *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001).

that Wells Fargo wrongfully accelerated the note, such as by contending that the obligation did not include an acceleration agreement or optional clause. Nor do Plaintiffs argue that Wells Fargo failed to "perform some clear, unequivocal affirmative act evidencing" its intention to accelerate. *See Castle Rock Bank*, 292 P.3d at 1082 (citations omitted). Nor do Plaintiffs address *Castle Rock Bank* or attempt to distinguish it. I am persuaded by *Castle Rock Bank* and the analogous Colorado authority cited herein that Defendant's election to accelerate the note brought the entire remaining balance of the loan due immediately, and thus the six-year statute of limitations was triggered on June 12, 2008. As pled in the Complaint, Wells Fargo's initiation of the foreclosure action on April 23, 2014, [#3 at ¶ 15], occurred within six years of the June 12, 2008 accrual date. Thus, the application of the controlling case law to the facts as alleged in the Complaint demonstrates that Defendant's foreclosure action was not time-barred, and accordingly, the Complaint fails to state a cognizable claim.

## CONCLUSION

For the foregoing reasons, this court **RECOMMENDS** that:

1. Defendant Wells Fargo Bank, N.A., as Trustee for the Holders of the BCAP LLC Trust 2006-AA1's Motion to Dismiss [#8] be **GRANTED**; and

2. The action be **DISMISSED with prejudice**.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

DATED: October 10, 2017          BY THE COURT:


                                 s/Nina Y. Wang_____
                                 United States Magistrate Judge

---

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).