**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Case No. 17-cv-00714-RM-NYW

DON J. DAVIS,
THE DJD-038 TRUST,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
THE PUBLIC TRUSTEE'S OFFICE OF LA PLATA COUNTY, COLORADO,

      Defendants.

---

## OPINION AND ORDER

---

On March 20, 2017, defendant Wells Fargo Bank, N.A. ("defendant") removed this action from the District Court of La Plata County, Colorado on the premise of diversity jurisdiction. (ECF No. 1.) In their Complaint, plaintiffs Don Davis and the DJD-038 Trust ("plaintiffs") raised the following claims: (1) determination of interests pursuant to Colo.R.Civ.P. 105; and (2) declaratory relief. (ECF No. 3.) More specifically, as relief, plaintiffs sought: a determination that a deed of trust is unenforceable; a determination that an underlying debt is time barred; and a preliminary injunction preventing foreclosure on a property. (*Id*.)

On March 27, 2017, defendant filed a motion to dismiss the Complaint ("the motion to dismiss"), pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 8.) Therein, defendant argued that the allegations of the Complaint show that its foreclosure action is not time-barred, and thus, the Complaint should be dismissed. (*Id*. at 3-5.) Plaintiffs filed a response to the motion to

dismiss (ECF No. 18), and defendant filed a reply (ECF No. 29). The motion to dismiss was referred to U.S. Magistrate Judge Nina Y. Wang (ECF No. 14), who entered a report and recommendation ("R&R") that the motion to dismiss be granted (ECF No. 46). The Magistrate Judge found that the statute of limitations with respect to defendant's foreclosure action was triggered on June 12, 2008, and thus, the initiation of the foreclosure on April 23, 2014 was not untimely. (*Id*. at 8-9.) Plaintiffs have filed objections to the R&R (ECF No. 47), defendant filed a response (ECF No. 50), and plaintiffs filed a reply (ECF No. 51).

## I.       Review of a Magistrate Judge's Report and Recommendation

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). A party is entitled to a *de novo* review of those portions of the report and recommendation to which specific objection is made. *See* Fed.R.Civ.P. 72(b)(2), (3). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30 St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Furthermore, arguments not raised before the magistrate judge need not be considered by this Court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## II.      Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the

non-moving party, and draw all reasonable inferences in the plaintiff's favor.  *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  In doing so, "a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  In the complaint, the plaintiff must allege a "plausible" entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1955 (2007).  A complaint warrants dismissal if it fails "*in toto* to render [plaintiff's] entitlement to relief plausible."  *Id*. at 569 n.14.

## III.    Discussion[1]

Plaintiffs raise the following three arguments in their objections to the R&R: (1) the statute of limitations was not halted by defendant filing a foreclosure action in April 2014; (2) defendant's claim accrued on the date of default, February 1, 2008; and (3) plaintiffs' allegation that the statute of limitations began to accrue in February 2008 should be accepted as true.  (ECF No. 47.)  The Court addresses each argument in turn.

### A.    Filing of the April 2014 Foreclosure Action

Plaintiff argues that defendant filing a foreclosure action in April 2014 did not halt the six-year statute of limitations for that action because initiating a foreclosure process is not an "action" for purposes of the limitations period.  (ECF No. 47 at 1-2.)  As plaintiffs see it, only the filing of a lawsuit is an action for limitations purposes.  (*Id*. at 2.)  The problem for plaintiffs is that, as defendant points out in response, plaintiffs did not raise this argument before the Magistrate Judge.

---

[1] As supplemented herein, the Court ADOPTS the factual background set forth in the R&R.  (ECF No. 46 at 1-2.)  In their objections, plaintiffs do not raise any specific objection to the Magistrate Judge's factual background.  (*See generally* ECF No. 47.)  To the extent plaintiffs' objections can be construed as doing so, the Court addresses each objection *infra*.

(*See* ECF No. 50 at 3.)  In fact, plaintiffs asserted the exact opposite in their response to the motion to dismiss when they argued that, if the statute of limitations began in June 2008, the foreclosure initiated in April 2014 would not be time-barred.  (*See* ECF No. 18 at 5.)  As a result, plaintiffs waived and/or conceded any argument that the foreclosure initiated in April 2014 did not halt the statute of limitations.  *See Marshall*, 75 F.3d at 1426.[2]  Therefore, the Court rejects any argument in this regard.

**B.      Accrual of Defendant's Claim**

Plaintiffs argue that defendant's claim accrued on the date of default, February 1, 2008, in light of the Colorado Supreme Court's decision in *Lovell v. Goss*, 101 P. 72 (Colo. 1909).  (ECF No. 47 at 3-4.)  In response, defendant argues that its claim accrued on the date of acceleration, June 12, 2008, in light of the Colorado Supreme Court's decision in *Hassler v. Account Brokers of Larimer Cnty.*, 274 P.3d 547, 553 (Colo. 2012).  (ECF No. 50 at 5-6.)

An initial problem with plaintiffs' argument in this regard is that it is simply a regurgitation, albeit in shortened form, of the arguments they presented to the Magistrate Judge.  Nowhere do plaintiffs object to any specific finding or conclusion reached by the Magistrate Judge—the Magistrate Judge's findings and conclusions are not even mentioned.  (*See* ECF No. 47 at 3-4.)  As previously stated, in order to preserve an issue for *de novo* review, a party must raise a specific

---

[2] In their reply in support of their objections, plaintiffs appear to assert that the reason they failed to raise this argument before the Magistrate Judge is because *they* failed to allege in the Complaint when defendant filed a Colo.R.Civ.P. 120 proceeding.  (*See* ECF No. 51 at 2.)  Whatever point it is that plaintiffs are trying to make in this regard, it does not excuse their failure to make a straightforward legal argument, i.e., that the statute of limitations continued to run after the foreclosure was initiated in April 2014.  As such, this argument does not excuse plaintiffs' waiver and/or concession in this regard, and does not provide cause for the Court to allow plaintiffs to amend their Complaint.

objection to the R&R.  *See* Fed.R.Civ.P. 72(b)(2), (3); *2121 E. 30 St.*, 73 F.3d at 1060.  Here, plaintiffs have simply not done that.

Nonetheless, given the importance of the instant issue to the parties' arguments, the Court will review the issue.  The principal case upon which plaintiffs rely is *Lovell*.  In that case, the Colorado Supreme Court was faced with a number of notes, all of which provided that the failure to pay interest when due would cause the whole note to become due and payable at once.  *Lovell*, 101 P. at 73.  The dispute in *Lovell* was over whether a party's cause of action accrued on the date of default or on the date that the party elected to take advantage of the default.  *Id*. at 74.  The Colorado Supreme Court resolved the dispute in favor of the date of default.  *Id*. at 74-75.  The Colorado Supreme Court did so because the language of the notes provided that a cause of action accrued on the date they were due or on the date default was made in the payment of interest, and the relevant party elected to declare the notes due on account of nonpayment of interest before the final maturity of the notes.  *Id*. at 75.

Those facts are not the ones here, however.  In filing their Complaint, plaintiffs attached the relevant note.  (ECF No. 3 at 5-9.)  Its terms reflect the following with respect to default and when the amount of the note became due.  The note provides that a default occurs when the borrower does not pay the full amount of each monthly payment on the date it is due.  (*Id*. at 7.)[3]  Default, though, does not result in the full amount of the note becoming immediately due and payable like in *Lovell*. Instead, following a default in payment, the note holder may send a written notice to the borrower, telling him or her that, if he or she does not pay the overdue amount by a certain date, the note holder may require the borrower to pay the full amount of the note.  The date for payment of the overdue

---

[3] So it is clear, the Court is citing to Section 7 of the note.

amount must be "at least 30 days" after the date on which the notice is mailed or otherwise delivered. (*Id*.)  In other words, the full amount of the note does not become due until at least 30 days after the note holder mails notice to the borrower.  As such, the Court finds that *Lovell* is simply inapplicable here.[4]

As the Magistrate Judge observed, in Colorado, a cause of action for a debt owed accrues on the date said debt *becomes due*.  (ECF No. 46 at 5 (citing Colo. Rev. Stat. §13-80-108(4)).)  Here, as just discussed, the debt became due 30 days after the note holder mailed notice to the borrower, provided that the borrower failed to pay the overdue amount by that date.  (*See* ECF No. 3 at 7.)  The Complaint does allege that the last payment made on the note was in January 2008.  (ECF No. 3 at ¶ 10.)  Therefore, presumably, any overdue amount was not paid by a date certain.  The Complaint does not allege, however, when or whether a notice was sent to the borrower.  The closest the Complaint gets in this regard is in alleging that the note was accelerated on June 12, 2008, with the filing of a notice of election and demand for sale.  (*See id*. at ¶¶ 12, 18.)

The Court cannot cure this gap in the allegations by itself.  Instead, the Court must work with the allegations that have been made.  What the Court can say, though, is that, contrary to plaintiffs' apparent argument, the debt in this case did not become due on the date of default.  The language of the note simply does not support that argument.  As discussed *supra*, plaintiff has waived or

---

[4] There is much talk in the parties' papers, as well as in Colorado cases, about the vitality of *Lovell*. As far as the Court is concerned, because the Court does not believe that *Lovell* is factually applicable here, it is unnecessary for the Court to throw too much weight around in this fight.  The Court will say, however, that, in light of the facts before the court in *Lovell*, particularly the language of the notes that the debt would become due and payable immediately upon default, there was some logic, at the time, to the Colorado Supreme Court's decision.  That being said, it does not disturb *Lovell* to say that it is equally logical that, when a note's principal does not become immediately due and payable, and instead becomes due only after certain events have or have not occurred, the debt does not become due until those events have occurred. That is precisely what the Court says here.

conceded that the statute of limitations halted on April 23, 2014.  The only real question before the Court, therefore, is whether it is plausible that between the alleged date of default on February 1, 2018, and April 23, 2008 (the date six years before April 23, 2014), defendant sent a notice of default to plaintiff and the 30-day period to pay the overdue amount passed.  The Court presumes that it is conceivable that this may have happened, but the allegations of the Complaint give the Court no reason to suspect that it is plausible—not least because the Complaint alleges that the debt was accelerated on June 12, 2008.

As a result, in light of the allegations of the Complaint and the language of the note attached to the Complaint, the Court cannot find that plaintiffs' claims for relief (essentially, a declaration that defendant's foreclosure action is time-barred) are plausible.  Therefore, the Court rejects plaintiffs' arguments in this regard.

### C.    Acceptance of Plaintiffs' Allegations

Contrary to plaintiffs' apparent argument, the Magistrate Judge, and this Court, have given all of plaintiffs' *factual* allegations the deference they deserve at this stage in proceedings.  Notably, plaintiffs' factual allegation that the note was in default as of February 1, 2008, has been accepted as true.  As has plaintiffs' allegation that defendant accelerated the note on June 12, 2008.  Those are factual allegations.  What is not a factual allegation is plaintiffs' legal argument that defendant's cause of action accrued on February 1, 2008.  As the Magistrate Judge observed, in Colorado, when the facts are undisputed—as they have been treated here—the date of accrual of a claim may be decided as a matter of law.  (ECF No. 46 at 5 n.1 (citing *Denver Classroom Teachers Ass'n v. Sch.*

*Dist. No. 1 in the Cnty. of Denver and State of Colorado*, 2017 WL 117179, at *4 (Colo. App. Jan. 12, 2017)).)[5]

IV.     **Conclusion**

For the reasons discussed herein, the Court:

(1)     ADOPTS the R&R (ECF No. 46) as supplemented herein;

(2)     GRANTS defendant's motion to dismiss (ECF No. 8); and

(3)     DISMISSES WITH PREJUDICE this case.[6]

The Clerk is instructed to enter Judgment in favor of defendants.

**SO ORDERED.**

DATED this 9th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[5] The Court notes that plaintiffs do not address this case in their objections.  (*See* ECF No. 47 at 4.)

[6] The Court notes that, other than the one request for leave to amend the Complaint in order to allege when defendant filed its Colo.R.Civ.P. 120 proceeding (ECF No. 51 at 2), plaintiffs do not request leave to amend the Complaint should the Court find it subject to dismissal (*see generally* ECF Nos. 47, 51.) The Court will not make any such argument for plaintiffs.  *See Doe v. Heil*, 533 F. App'x 831, 846-847 (10th Cir. 2013) ("'Although leave to amend should be liberally granted, a trial court is not required sua sponte to grant leave to amend prior to making its decision to dismiss.'") (alteration omitted) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999)).